No. 1,386.

## BAUER v. OLDENDORF, JR., BY NEXT FRIEND.

APPELLATE COURT PRACTICE.—*Excessive Damages.—Remittitur.—Judgment Affirmed.*—Where the plaintiff (appellee) has remedied, by 'remittitur, the only error (excessive damages) of which the defendant (appellant) could complain, the judgment will be affirmed.

From the Marion Superior Court.

*J. M. Bailey, S. N. Chambers, S. O. Pickens* and *C. W. Moores,* for appellant.

*J. F. McCray* and *S. Ashby,* for appellee.

Ross, C. J.—The appellee sued and recovered judgment in the court below against appellant, for injuries received by reason of being bitten by appellant's dog.

The first specification of error in appellant's assignment of errors tests the correctness of the court's ruling in overruling appellant's motion for a new trial. This motion contains eighteen reasons for which a new trial was asked. The seventh and eighth reasons go to the amount of the damages assessed, and the ninth, tenth and eleventh are that the verdict is not sustained by sufficient evidence, and is contrary to law.

The jury in their verdict, which was a general one, assessed appellee's damages at $2,500. A remittitur was entered by counsel for appellee for $1,250, whereupon the court rendered judgment on the verdict in favor of appellee for the residue.

Counsel very earnestly insist that the evidence is insufficient to sustain the verdict. We can not agree with counsel in this contention. There is evidence from which the jury could find that the appellant knew the dog was vicious before it attacked appellee. Upon this question there is a conflict in the evidence, and the jury

having decided against appellant this court will not review that decision. This court, as has been so often decided, will not weigh the evidence and determine which side has a preponderance. That is for the jury, subject to review by the trial court, and their decision, if there is any evidence to support it, is final.

Neither do we think the evidence shows that the appellee was himself guilty of contributory negligence, or that there was such negligence on the part of appellee's parents as precludes his right to recover.

There is no evidence tending to show that the child struck the dog, causing it to bite him, as counsel contend.

Objection is also made to the fifth and seventh instructions, given by the court of its own motion.

Considering all of the instructions given together they are very full, covering the law applicable to the evidence introduced. Considering them together they state the law accurately. We deem it unnecessary to set out in this opinion the instructions complained of, or to answer directly every attack made upon them, but content ourselves with saying that after reading the evidence carefully and considering and applying the instructions with reference thereto the verdict of the jury was a just and righteous one.

The amount of the judgment is not excessive. Whether or not the damages assessed by the jury in their verdict were excessive we have not considered, because it is clear to our minds that the amount for which judgment was rendered is but a fair sum.

The cause seems to have been fairly tried, and if the appellee, by his remittitur, has remedied the only error of which appellant could complain, he is not harmed, and the judgment will have to be affirmed.

Judgment affirmed.

Filed April 24, 1895.